UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRAIG PARKER,

                Plaintiff,

v.                                    Case No. 16-2554-JAR

SUN LIFE ASSURANCE COMPANY OF CANADA,

                Defendant,

## ORDER

This ERISA action arises from defendant Sun Life Assurance Company of Canada's denial of plaintiff Craig Parker's claim for long-term disability benefits under a group insurance policy issued by defendant to plaintiff's former employer, Garmin International, Inc. ("Garmin").  Plaintiff has filed a motion to compel discovery regarding defendant's inherent conflict of interest as both the decision-maker regarding entitlement to benefits, as well as the payor of the benefits (ECF No. 25).  Specifically, plaintiff seeks: (1) statistical information with respect to claims submitted by other employees under the plan during the time defendant administered plaintiff's claim; and (2) the grounds for performance evaluation, promotion, demotion and/or layoff/termination decisions, as well as performance evaluations and reviews, with respect to certain of defendant's employees.  For the reasons set forth below, the motion is granted.

Legal Standard

In reviewing a plan administrator's decision, federal courts are generally limited to the administrative record.[1]   Although district courts are prohibited from considering materials outside the administrative record related to the claimant's eligibility for benefits, courts may consider extra-record materials related to an administrator's dual-role conflict of interest.[2]   The Tenth Circuit has held that Federal Rule of Civil Procedure 26(b) governs discovery requests seeking information related to a dual-role conflict of interest.[3]   However, "neither a claimant nor an administrator should be allowed to use discovery to engage in unnecessarily broad discovery that slows the efficient resolution of an ERISA claim."[4]   Under recent amendments to Rule 26(b), the parties are entitled to discovery regarding matters that are both "relevant to any party's claim or defense and proportional to the needs of the case."[5]   Whether any particular discovery request is proportional is to be determined by considering, to the extent applicable, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties'

---

[1] *Brown v. Hartford Life Ins. Co.*, 428 Fed. App'x 817, 820 (10th Cir. 2011) (citation omitted).

[2] *Id.* (citation omitted).

[3] *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1162 (10th Cir. 2010).

[4] *Id.* at 1162–63.

[5] Fed. R. Civ. P. 26(b)(1).

2

resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.[6]   The party moving to engage in extra-record discovery bears the burden of demonstrating its propriety.[7]

District courts have "substantial discretion in handling discovery requests under Rule 26(b)."[8]   In exercising this discretion, courts will often need to account for several factors militating against broad discovery.   First, although the court must keep in mind that ERISA seeks a fair and informed resolution of claims, ERISA also seeks to ensure "a speedy, inexpensive, and efficient resolution of those claims."[9]   "Second, in determining whether a discovery request is overly costly or burdensome in light of its benefits, the district court will need to consider the necessity of the discovery."[10]

<u>Interrogatories 8 and 9 and Document Request Nos. 11 and 12</u>

Interrogatories 8 and 9 and Document Request Nos. 11 and 12 seek statistical information regarding claims submitted by other employees under the plan during the time defendant administered plaintiff's claim.   More specifically, Interrogatory 8 asks defendant to "provide the number of Garmin employees, who have received disability

---

[6] *Id.*

[7] *Murphy*, 619 F.3d at 1163.

[8] *Id.* at 1164.

[9] *Id.* at 1163.

[10] *Id.*

benefits under the Plan since April 2014."[11]   Interrogatory 9 seeks "the number of Garmin employees who have received disability benefits under the Plan, whose benefits have been denied or terminated since April 2014."[12]   Document Request Nos. 11 and 12 seek any and all reports showing the denial rates and termination rates, respectively, on Garmin employee disability claims for the years 2014-2016.[13]

Defendant asserts the statistical information sought lacks all probative value, claiming the determination of whether to award or deny disability benefits is necessarily fact-intensive.   Plaintiff claims the information may indicate whether his claim was systematically denied as part of a pattern and practice under the plan, or whether defendant evaluated the claim on its own, without considering its liability to the plan as a whole.

The court finds the above-described discovery falls within the scope of Rule 26(b). Absent any record showing defendant would be burdened by responding to Interrogatories 8 and 9 and Document Request Nos. 11 and 12, the court cannot find the discovery sought is disproportional to the needs of the case, or would otherwise affect the speedy, inexpensive, and efficient resolution of this case.

Interrogatory 10 and Document Request No. 14

---

[11] ECF No. 26-1 at 18.

[12] *Id.*

[13] Plaintiff clarifies in his motion to compel that although Request No. 12 seeks reports showing termination rates for the years "2004-20069," the Request should instead seek rates for the years "2014-2016," i.e., the years during which defendant administered plaintiff's claim.  ECF No. 26, at 3–4, n. 1.

Interrogatory 10 asks defendant to identify "the grounds for performance evaluation, promotion, demotion and/or layoff/termination decisions with respect to any individual or entity identified in Interrogatory # 1."[14]   Defendant identified three individuals in response to Interrogatory 1, which seeks the identity of any individual who "processed, analyzed, or investigated [p]laintiff's long term disability claim for [d]efendant at any time."[15]   Document Request No. 14 seeks the performance evaluations and performance reviews for defendant's employees involved in plaintiff's claim.

Defendant asserts Document Request No. 14 is overly broad.   In his motion to compel, plaintiff agrees to limit this request to "the performance evaluations of only the claims adjustors who made the decision to terminate [p]laintiff's claim, and uphold [p]laintiff's claim on appeal, and [defendant]'s medical review personnel who reviewed [p]laintiff's claim prior to termination and on appeal."[16]   The court finds the request, as revised, sufficiently narrow to overrule defendant's objection.

Additionally, defendant opposes both requests on the basis that they seek sensitive and private information relative to non-party individuals.   To avoid the disclosure of such information, defendant agrees to amend its answers to include a statement that defendant "provides no performance incentives (or detriments) relative to claim determinations

---

[14] ECF No. 26-1 at 19.

[15] *Id.* at 14–15.

[16] ECF No. 26 at 5.

made, clarifying that none of its employees are compensated or otherwise incentivized to make claims decisions not in accordance with the evidence presented."[17]

In *Buss v. United of Omaha Life Insurance Co.*, U.S. Magistrate Judge Gerald L. Rushfelt evaluated a similar request for "evaluations and reviews … for the claims adjustors and in-house medical professionals involved in denying Plaintiff's claim."[18] Although the defendant-insurer's discovery responses included an explanation as to how its employees were remunerated, Judge Rushfelt found that the explanation "does not provide an immunity against discovery of records that could suggest otherwise."[19] The court agrees with Judge Rushfelt's rationale and ruling.  However, in recognition of the privacy concerns raised by defendant, the parties are directed to jointly submit a proposed protective order by **March 30, 2017**.  Defendant is ordered to respond to Interrogatories 8, 9 and 10, and Document Request Nos. 11, 12, and 14 (as revised), by **April 3, 2017**; the existing March 30, 2017 discovery-completion deadline is extended for this one limited purpose.

IT IS SO ORDERED.

Dated March 23, 2017, at Kansas City, Kansas.

  s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge

---

[17] ECF No. 27 at 6.

[18] No. 12-2777, 2014 WL 129339, at *2 (D. Kan. Jan. 14, 2014).

[19] *Id.*