**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**
**KANSAS CITY DIVISION**

| | |
|---|---|
| CRAIG PARKER,<br><br>Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA et al.,<br><br>Defendants. | Case No. 2:16-cv-02554-JAR-JPO<br>***The Honorable Julie A. Robinson*** |

**DEFENDANT'S SUPPLEMENTED ANSWERS TO PLAINTIFF'S INTERROGATORIES**

For its supplemented answers to Plaintiff Craig Parker's ("Plaintiff") interrogatories, Defendant Sun Life Assurance Company of Canada ("Sun Life"), by its undersigned counsel, states as follows:

**GENERAL OBJECTIONS**

The following General Objections apply to each of the interrogatories and are hereby incorporated into each of Sun Life answers:

1. Sun Life objects to Plaintiff's Interrogatories to the extent that Plaintiff requests Sun Life identify "all," "each," or "every" conversation, correspondence, entity, person, or document as being overly broad and unduly burdensome.

2. Sun Life objects to Plaintiff's Interrogatories to the extent that Plaintiff seeks information and evidence outside the scope of Rule 26 of the Federal Rules of Civil Procedure, not relevant to the time period at issue and/or Plaintiff's claim for benefits and not reasonably calculated to lead to the discovery of relevant information.

EXHIBIT A

3. Sun Life objects to Plaintiff's Interrogatories to the extent that Plaintiff seeks information protected from disclosure by the attorney-client privilege, the work product doctrine and any other immunity, privilege, law or rule. Nothing contained in these answers or in any concomitant production of documents is intended or may be construed as a waiver of the attorney-client privilege, the work product doctrine or any other immunity, privilege, law or rule.

4. Sun Life objects to Plaintiff's interrogatories to the extent that Plaintiff seeks information that is confidential or proprietary.

5. Sun Life objects to Plaintiff's interrogatories to the extent that they call for legal conclusions.

6. Sun Life objects to Plaintiff's interrogatories to the extent they are vague, ambiguous, burdensome or overly broad.

7. Sun Life objects to Plaintiff's interrogatories to the extent they seek irrelevant information, or information which is not reasonably calculated to lead to the discovery of admissible evidence.

8. Sun Life objects to Plaintiff's interrogatories to the extent that they define any word more broadly than or inconsistently with the plain and ordinary meaning of that word. All answers to the interrogatories are based on the plain and ordinary meaning of the words used in the interrogatories.

9. Sun Life's investigation and discovery are continuing, and Sun Life reserves the right to supplement or amend its answers as necessary.

10. Investigation, discovery and preparation for trial are continuing, and all answers and objections are without prejudice as to the rights of Sun Life to introduce at trial or any other

hearing related to this case any facts or information discovered after the date of serving these answers.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1**: Please state the name, address, position and employer of the individual completing these interrogatories and the name, address, position, [sic] employer, and role of each and every individual who processed, analyzed, or investigated Plaintiff's long term disability claim for Defendant at any time. If this information is contained in Defendant's claim file for Plaintiff, please refer to the bate stamp number which identifies the document.

**RESPONSE:** Sun Life objects to this interrogatory in that it is overly broad, unduly burdensome, in that it seeks irrelevant information, information not in Sun Life's possession, custody and control, information which is private, protected and confidential. Subject to and without waiving its general and specific objections, Jillian Croteau, with assistance of counsel, helped in completing the answers to these interrogatories.

The remaining information sought by Plaintiff, to the extent not objected to, can be found in the claim file, all non-privileged portions of which were previously produced to Plaintiff's counsel. Notwithstanding, Sun Life states that Michelle Doucette - Sr. LTD Benefits Analyst, and Jillian Croteau - Sr. Benefit Consultant, Appeals & Litigation, were involved in the handling of Plaintiff's claim for benefits. David D. Cairns, Senior Manager LTD Claims - MGIS & National Accounts, approved Ms. Doucette's decision to pay Plaintiff's claim in March 2015. David D. Cairns approved Ms. Doucette's decision to deny further benefits in July 2015 (AR 490-491, 610-611)

**INTERROGATORY NO. 2:** With regard to Plaintiff and Plaintiff's claim, please state the name, address, position/job title, employer and phone number of any doctor, nurse, vocational rehabilitation/occupational counsel and/or any other health or vocational professional (other than the Plaintiff's treating physicians) who rendered a report or opinion for Defendant regarding Plaintiff's entitlement to benefits, or examined Plaintiff's records for Defendant. If this information is contained in Defendant's claim file for Paintiff, please refer to the bate stamp number which identifies the document.

**RESPONSE:** Sun Life objects to this Interrogatory in that it is overly broad and unduly burdensome, requests information already in Plaintiff's possession and to the extent that it seeks information not in Sun Life's possession, custody and control. Subject to its general and specific objections, Sun Life states that all individuals involved in any manner with the review of Plaintiff's claim for long term disability benefits are identified in the claim file generated during the review of Plaintiff's claim, all non-privileged portions of which were previously produced to Plaintiff's counsel.

Notwithstanding, Sun Life states that the following health and vocational professionals were involved in the review of Plaintiff's medical records:

-- Robert P. Odgers, Ph.D., ABPP, 320 SE Florida Street, Stuart, Florida 34994 (772) 287-0217

-- Kevin L. Trangle, MD, MBA, FACOEM, FAADEP, BCIM, CIME, ABIME, CMRO, 6150 Parkland Blvd., Suite 110, Mayfield Heights, OH 44124 (216) 504-0400

-- Calvin P. Fuhrmann, MD, FCCP, Board Certified, Internal & Pulmonary Medicine, Kennebunk, Maine

-- Lisa Jacobus, MSW, LICSW, Sun Life

-- Loretta Dionne, RN, Sun Life

-- Kristin Esposito, MA, CRC, Vocational Rehabilitation Consultant, Sun Life

-- Anita Bolster, RN, BS, Professional Disability Associates

-- Bethany Drabik, RN, BSN, Sun Life

**INTERROGATORY NO. 3:** Of the individuals listed in response to Interrogatory #1, please list which individuals were involved in rendering the *initial* denial of Plaintiff's claim. If this information is contained in Defendant's claim file for Plaintiff, please refer to the bate stamp number which identifies the document.

**RESPONSE:** Sun Life objects to this Interrogatory in that it is overly broad and unduly burdensome, vague and ambiguous as to "involved in rendering," and in that it requests information already in Plaintiff's possession and irrelevant. Subject to its general and specific objections, Sun Life states that all individuals involved in any manner with the initial review and adjudication of Plaintiff's claim for long term disability benefits are identified in the claim file generated during the review of Plaintiff's claim, all non-privileged portions of which were previously produced to Plaintiff's counsel. Notwithstanding, Sun Life states that Michelle Michelle Doucette - Sr. LTD Benefits Analyst, was involved in the review of Plaintiff's claim for disability benefits, including his medical records. David D. Cairns, Senior Manager LTD Claims - MGIS & National Accounts, approved her decision to pay Plaintiff's claim in March 2015. David D. Cairns approved her decision to deny further benefits in July 2015.

**INTERROGATORY NO. 4:** Of the individuals listed in response to Interrogatories #1 and 2, please list which individuals were involved in rendering the final denial of Plaintiff's claim on appeal. If this information is contained in Defendant's claim file for Plaintiff, please refer to the bate stamp number which identifies the document.

**RESPONSE:** Sun Life objects to this Interrogatory in that it is overly broad and unduly burdensome, vague and ambiguous as to "involved in rendering" and in that it requests information already in Plaintiff's possession and irrelevant. Subject to its general and specific objections, Sun Life states that all individuals involved in any manner with the review and adjudication of Plaintiff's appeal of the termination of her claim for long term disability benefits are identified in the claim file generated during the review of Plaintiff's claim, all non-privileged portions of which were previously produced to Plaintiff's counsel. Notwithstanding, Sun Life states that Jillian Croteau - Sr. Benefit Consultant, Appeals & Litigation was involved in the review of Plaintiff's appeal of the termination of his claim.

**INTERROGATORY NO. 5:** For any individual or entity listed in response to Interrogatory #2, identify how that person or entity was compensated and the exact amount of compensation for their work on this claim. If this information is contained in Defendant's claim file for Plaintiff, please refer to the bate stamp number which identifies the document.

**RESPONSE:** Sun Life objects to this interrogatory to the extent that it seeks information already in Plaintiff's possession, information which is private and confidential and irrelevant. Subject to its general and specific objections, Sun Life employees are typically compensated through the payment of a salary. They do not receive specific compensation for their work on any specific claim. Sun Life did not compensate Dr. Trangle, Dr. Fuhrman or Dr. Odgers directly and has no knowledge regarding whether it can be determined what amount they received relative to their work on this claim.

**INTERROGATORY NO. 6:** For any individual or entity listed in response to Interrogatory #2, identify how much Defendant has paid to this person or entity for the years 2014 -2016. If this information is contained in Defendant's claim file for Plaintiff, please refer to the bate stamp number which identifies the document.

**RESPONSE:** Sun Life objects to this interrogatory in that it is overly broad, unduly burdensome and seeks information, which is irrelevant as well as protected from disclosure by privacy laws. Moreover, Sun Life did not pay Drs. Trangle, Fuhrman and Odgers or Ms. Bolster directly.

**INTERROGATORY NO. 7**: For any individual or entity listed in response to Interrogatory #2, identify the number of claims reviewed by this entity or person for the Defendant, including during the years 2014-2016. If this information is contained in Defendant's claim file for Plaintiff, please refer to the bate stamp number which identifies the document.

**RESPONSE:** Sun Life objects to this interrogatory in that it is overly broad and unduly burdensome and seeks information irrelevant or not reasonably calculated to lead to the discovery of relevant evidence. Subject to and without waiving its specific and general objections, Sun Life states that it does not maintain this type of information.

**INTERROGATORY NO. 8**: Please provide the number of Garmin employees,

who have received disability benefits under the Plan since April 2014. If this information is contained in Defendant's claim file for Plaintiff, please refer to the bate stamp number which identifies the document.

**RESPONSE:** Sun Life objects to this interrogatory in that it seeks information which is irrelevant and has no probative value regarding whether there has been a taint as to Sun Life's determination on Plaintiff's claim. *See also* response to Interrogatory No. 9. Notwithstanding and without waiving its general and specific objections, Sun Life states that 40 employees received disability benefits under the Garmin plan since April 2014.

**INTERROGATORY NO. 9**: Please provide the number of Garmin employees who have received disability benefits under the Plan, whose benefits have been denied or terminated since April 2014. If this information is contained in Defendant's claim file for Plaintiff, please refer to the bate stamp number which identifies the document.

**RESPONSE:** Sun Life objects to this interrogatory in that it seeks information which is irrelevant and has no probative value regarding whether there has been a taint as to Sun Life's determination on Plaintiff's claim. Numerous courts have held that "batting averages" such as requested here are not discoverable and lack all probative value. *See Hagen v. Aetna Ins. Co.*, 808 F.3d 1022 (5th Cir. 2015); *Holmstrom v. Metropolitan Life Ins. Co.*, 615 F.3d 758, 768 (7th Cir. 2010) (referring to "sampling problems" that exist when an attempt is made to draw conclusions form an insurer's "batting average"); *Tucker v. Reliance Standard Life Ins. Co.*, No. 6:15-cv-03351-DGK, DE #21 (W.D. Mo. April 5, 2016) (this discovery was found to be "disproportionate to the needs of the case."); *Geiger v. Pfizer, Inc. et al.*, 2012 U.S. Dist. LEXIS 11599 (S.D. Ohio Jan. 31, 2012); (refusing to allow requests seeking statistical data); *Branch v. Life Ins. Co. of N. Am.*, 2009 WL 3781217, at *5 (M.D. Ga. 2009); *Dilley v. Met. Life Ins. Co.*, 256 F.R.D. 643 (N.D. Cal. 2009) (information on the number of claims denied by an administrator is "meaningless" unless a finding could be made that the administrator ahd wrongly denied such claims); *Howard v. Hartford Life & Acc. Ins. Co.*, 2011 WL 2533800

(M.D. Fla. June 27, 2011) ("the figures are based on such a broad variety of factors as to render any conclusion(s) drawn therefrom to be meaningless.") Notwithstanding and without waiving its general and specific objections, Sun Life states that the benefits for two employees who received benefits since April 2014 were involuntarily terminated. Of those two, the only employee who filed an appeal of the involuntary termination was Plaintiff.

**INTERROGATORY NO. 10:** Identify the grounds for performance evaluation, promotion, demotion and/or layoff/termination decisions with respect to any individual or entity identified in Interrogatory #1. If this information is contained in Defendant's claim file for Plaintiff, please refer to the bate stamp number which identifies the document.

**RESPONSE:** Sun Life objects to this interrogatory in that it is overly broad, unduly burdensome, vague and ambiguous, unlimited in time and scope, seeks information which is proprietary, confidential and privileged, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and would infringe on the privacy rights of individuals not parties to this lawsuit, outweighing any potential benefit Plaintiff might gain by receipt of the information. Sun Life further objects to the request in that it is unrelated to Sun Life's structural conflict of interest and as such, is disproportionate to the needs of this case. *See also Tucker v. Reliance Standard Life Ins. Co.*, No. 6:15-cv-03351-DGK, DE #21 (W.D. Mo. April 5, 2016) (finding that the intrusiveness of this discovery outweighs its likely benefit); *Mulligan v. Provident Life and Acc.Ins. CO.*, 271 F.R.D. 584, 593-94 (E.D. Tenn. 2011) (refusing to allow discovery of sensitive information related to employees of the defendant); *Bird v. GTX, Inc.*, 2009 WL 3839478, at *3 (W.D. Tenn. Nov. 13, 2009) (same). Notwithstanding and without waiving its general and specific objections, Sun Life states that it provides no performance incentives (or detriments) relative to claim determinations made and none of its employees are compensated, rewarded or otherwise incentivized to make claim decisions not in accordance with the evidence presented. Instead, Sun Life evaluates its employees on the basis of whether

they conduct a full and fair as well as timely review of each individual claim on a case by case basis as well as on their level of customer service, their identification of opportunities for improvement of services, their dedication to Sun Life's positive culture, their ability to treat claimants and customers with integrity and respect and their ability to provide clarity in their interactions.

**INTERROGATORY NO. 11:** Identify the internal guidelines, rules or manuals for the processing, investigation and determination of this type of claim. If this information is contained in Defendant's claim file for Plaintiff, please refer to the bate stamp number which identifies the document.

**RESPONSE:** Sun Life objects to this interrogatory in that it is overly broad, unduly burdensome, vague and ambiguous, unlimited in time and scope, seeks information which is proprietary, confidential and privileged and irrelevant. Subject to and without waiving its general and specific objections, Sun Life did not rely on any internal guidelines, rules or manuals in handling Plaintiff's claim. Notwithstanding, Sun Life will produce at Plaintiff's direction and expense, upon entry of an appropriate protective order and confidentiality agreement, a copy of its claims handling procedures that could have applied to this claim.

**INTERROGATORY NO. 12:** Identify what entity will pay Plaintiff's benefits, if the Court determines that he is totally disabled, and what account these benefits will […] paid from by what entity. If this information is contained in Defendant's claim file for Plaintiff, please refer to the bate stamp number which identifies the document.

**RESPONSE:** Plaintiff is not eligible for any further benefits. Should he be found to be eligible, benefits will be paid by Sun Life.

Respectfully Submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Edna S. Kersting

Edna S. Kersting #6277775
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
(312) 821-6162
(312) 704-1522
edna.kersting@wilsonelser.com

***Attorneys for Defendant Sun Life Assurance Company of Canada***

**CERTIFICATION**

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Responses of Sun Life Assurance Company of Canada to Plaintiff's Interrogatories and, to the best of my knowledge, the above and foregoing statements are true and correct.

Jillian Croteau

Date: 4/06/2017

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2017, a true and correct copy of the foregoing responses to Plaintiff's interrogatories were sent via e-mail and U.S. Regular Mail to counsel for Plaintiff:

***Attorney for Plaintiff***
Talia Ravis
Law Office of Talia Ravis
12120 State Line Rd. #189
Leawood, Kansas 66209
(913)766-6940
taliravis@gmail.com

*/s/ Edna S. Kersting*________________
Edna S. Kersting